Ms. Mariana Paula Noli, Esq., CA State Bar No. 247369
NOLI IP SOLUTIONS, P.C.
5030 Bella Collina St.,
Oceanside, California 92056
Telephone: (442) 224-7490
Facsimile: (858) 810-0137
mail@noli-ipsolutions.com

Attorneys for Plaintiffs
STAY WAVY, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAY WAVY, INC., a Massachusetts Corporation | Case No.  **'20 CV 0776 CAB BLM** |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| RICHER POORER LLC, a Delaware Limited Liability Company; and URBAN OUTFITTERS, INC., a Delaware Corporation; URBN US Retail LLC, a Pennsylvania Limited Liability Company; NORDSTROM, Inc., a Washington Corporation, ALTERNATIVE APPAREL, Inc., a Delaware Corporation and DEFENDANTS DOES 1-10 | |
| Defendants. | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, CONTRIBUTORY TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff Stay Wavy, Inc., a Massachusetts corporation ("Stay Wavy" or "Plaintiff"), complains and alleges Defendants Richer Poorer LLC, Urban Outfitters, Inc., URBN Holding LLC, Nordstrom, Inc., Alternative Apparel, Inc. (Richer Poorer

LLC is referred to herein as "Richer Poorer," Urban Outfitters, Inc. and URBN Holding LLC is collectively referred to herein as "Urban Outfitters," Nordstrom, Inc. is referred to herein as "Nordstrom," Alternative Apparel, Inc. is referred to herein as "Alternative Apparel" and Richer Poorer, Urban Outfitters, Nordstrom, and Alternative Apparel are collectively referred to herein as "Defendants"), as follows:

## NATURE OF THE DISPUTE

1.      This action arises from Defendants' repeated, willful, and egregious misappropriation of Stay Wavy's registered trademark (the "Stay Wavy Trademark") which is protected under U.S. Trademark Registration No. 4,708,321 (the "Stay Wavy Registration"), a copy of which is presented herein as **Exhibit A**. Despite being aware of Stay Wavy's exclusive trademark rights, Defendants nevertheless have repeatedly infringed these rights by selling products that are identical to the type of products that are covered under the Stay Wavy Trademark Registration, including socks, and that bear the Stay Wavy Registration (the "Infringing Products").

2.      Urban Outfitters' advertising, display, and sale of the Infringing Products ("Urban Outfitters' Conduct") constitutes direct trademark infringement of the Stay Wavy Registration. Such infringement is willful and intentional as the Stay Wavy Trademark registered on March 24, 2015 (the "Registration Date") and Urban Outfitters' Conduct commenced after the Registration Date. Urban Outfitters' Conduct is all the more egregious given that Urban Outfitters received notice via correspondence from Stay Wavy's legal counsel on or about May 24, 2019 regarding the unauthorized use of the Stay Wavy Trademark on the Infringing Products, and Urban Outfitters nonetheless continued to market and sell the Infringing Products.

3.      Upon information and belief, the Infringing Products are manufactured and/or supplied to Urban Outfitters by Richer Poorer.

4.      Upon information and belief, Richer Poorer marketed the Infringing Products to Urban Outfitters.

5.     Nordstrom's advertising, display, and sale of the Infringing Products ("Nordstrom's Conduct") constitutes direct trademark infringement of the Stay Wavy Registration. Such infringement is willful and intentional as the Stay Wavy Trademark registered on March 24, 2015 (the "Registration Date") and Nordstrom's Conduct commenced after the Registration Date.

6.     Upon information and belief, the Infringing Products are manufactured and/or supplied to Nordstrom by Richer Poorer.

7.     Upon information and belief, Richer Poorer marketed the Infringing Products to Nordstrom.

8.     Alternative Apparel's advertising, display, and sale of the Infringing Products ("Alternative Apparel's Conduct") constitutes direct trademark infringement of the Stay Wavy Registration. Such infringement is willful and intentional as the Stay Wavy Trademark registered on March 24, 2015 (the "Registration Date") and Alternative Apparel's Conduct commenced after the Registration Date.

9.     Upon information and belief, the Infringing Products are manufactured and/or supplied to Alternative Apparel by Richer Poorer.

10.     Upon information and belief, Richer Poorer marketed the Infringing Products to Alternative Apparel.

11.     Richer Poorer's manufacture, marketing, sale, and supply of the Infringing Products to Urban Outfitters, Nordstrom, Alternative Apparel and other Third-Party Retailers ("Richer Poorer's Conduct") constitutes direct trademark infringement and/or indirect trademark infringement of the Stay Wavy Registration. Such infringement is willful and intentional as it occurred after the Registration Date. Richer Poorer's Conduct is all the more egregious given that Richer Poorer received notice via correspondence from Stay Wavy's legal counsel on or about May 24, 2019 regarding the unauthorized use of the Stay Wavy Trademark on the Infringing Products and Richer Poorer nonetheless continued to market and sell the Infringing Products.

//

12.     Defendants' pattern and practice of providing, offering for sale and/or selling products with marks that are identical to the products sold by Stay Wavy under the Stay Wavy Trademark must end. Defendants' misuse of the Stay Wavy Trademark on the Infringing Products has significantly injured Stay Wavy's hard-earned reputation and goodwill. Defendants' repeated actions are willful, intentional, and damaging to Stay Wavy and to the Stay Wavy Trademark.

13.     Accordingly, Stay Wavy now brings this action against Defendants for trademark infringement and for violations of the California common law and related causes of action brought pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), California Business and Professions Code § 17200.

## PARTIES

14.     Plaintiff is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 47 East Baylies Road, Charlton, MA 01507.

15.     Upon information and belief, RICHER POORER LLC is a Limited Liability Company organized under the laws of Delaware and having a principal place of business located at 31531 Rancho Viejo Road, Suite 101, San Juan Capistrano, CA 92675.

16.     Under information and believe, URBN US Retail LLC is a Limited Liability Company organized under the laws of Pennsylvania and having a principal place of business located at 5000 South Broad Street, Philadelphia, PA 19112.

17.     Under information and believe, NORDSTROM, Inc. is a corporation organized under the laws of Washington and having a principal place of business located at 1700 7th Ave., Seattle, WA 98101.

18.     Under information and believe, ALTERNATIVE APPAREL, Inc. is a corporation organized under the laws of Delaware and having a principal place of business located at 1000 East Salem Mill Road, Winston Salem, NC 27105.

//

COMPLAINT

## JURISDICTION AND VENUE

19.     This action is based on Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114, Sections 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), California Business & Professions Code § 17200; and the common law of the State of California.

20.     This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. §§ 1331 (federal question), 1338(a) (any Act of Congress relating to patents or trademarks), and 1338(b) (any action asserting claim of unfair competition joined with a substantial and related claim under the trademark law) for claims arising out of the violations of Sections 32(1)(a) and 43(a) and (c) of the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for all other claims asserted in this Complaint because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy. This Court also has jurisdiction over related common-law claims for unfair competition under California Business & Professions Code § 17200, pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

21.     This Court has personal jurisdiction over Urban Outfitters because Urban Outfitters regularly transacts, conducts, or solicits business in California and within this District, or engages in other persistent courses of conduct and/or derives substantial revenue from goods used or consumed or from services rendered in California; Urban Outfitters regularly and systematically directs electronic activity into California with the intent of engaging in business in this District; Urban Outfitters owns, uses, and/or possesses real property situated in California; the products giving rise to this action were offered for sale and/or sold by Urban Outfitters in California through brick-and-mortar retail locations in this State and/or through the urbanoutfitters.com website, and Urban Outfitters has shipped such products to consumers in California; Urban Outfitters is registered with the Secretary of State to do business in California; and the unlawful,

tortious conduct complained herein has caused injury to Plaintiff within California and in this District.

22.     This Court has personal jurisdiction over Nordstrom because Nordstrom regularly transacts, conducts, or solicits business in California and within this District, or engages in other persistent courses of conduct and/or derives substantial revenue from goods used or consumed or from services rendered in California; Nordstrom regularly and systematically directs electronic activity into California with the intent of engaging in business in this District; Nordstrom Outfitters owns, uses, and/or possesses real property situated in California; the products giving rise to this action were offered for sale and/or sold by Nordstrom in California through brick-and-mortar retail locations in this State and/or through the shop.nordstrom.com website, and Nordstrom has shipped such products to consumers in California; Nordstrom is registered with the Secretary of State to do business in California; and the unlawful, tortious conduct complained herein has caused injury to Plaintiff within California and in this District.

23.     This Court has personal jurisdiction over Alternative Apparel because Alternative Apparel regularly transacts, conducts, or solicits business in California and within this District, or engages in other persistent courses of conduct and/or derives substantial revenue from goods used or consumed or from services rendered in California; Alternative Apparel regularly and systematically directs electronic activity into California with the intent of engaging in business in this District; Alternative Apparel owns, uses, and/or possesses real property situated in California; the products giving rise to this action were offered for sale and/or sold by Alternative Apparel in California through brick-and-mortar retail locations in this State and/or through the alternativeapparel.com website, and Alternative Apparel has shipped such products to consumers in California; Alternative Apparel is registered with the Secretary of State to do business in California; and the unlawful, tortious conduct complained herein has caused injury to Plaintiff within California and in this District.

24.    This Court has personal jurisdiction over Richer Poorer because Richer Poorer's principal place of business is within this District; Richer Poorer regularly transacts, conducts, or solicits business in California and within this District, or engages in other persistent courses of conduct and/or derives substantial revenue from goods used or consumed or from services rendered in California; Richer Poorer regularly and systematically directs electronic activity into California with the intent of engaging in business in this District; the products giving rise to this action were offered for sale and/or sold by Richer Poorer in California; and the unlawful, tortious conduct complained of herein has caused, and continues to cause, injury to Plaintiff within California and in this District.

25.    Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because Defendants were subject to personal jurisdiction in this district at the time the action was commenced, and because Defendants conduct business in this District.

## FACTS

26.    Stay Wavy is a Massachusetts-based designer and retailer of men's, women's, and children's clothing and apparel.

27.    In addition to its retail store located on Martha's Vineyard in Massachusetts, Stay Wavy has advertised and sold its clothing online at captainsclubapparel.com, staywavy.com and at amazon.com, and continues to so advertise and sell its clothing line at staywavy.com and at amazon.com.

28.    One of the most commercially successful lines of clothing sold by Stay Wavy is the line sold under the Stay Wavy Trademark.

29.    Stay Wavy is the owner of the Stay Wavy Trademark (U.S. Reg. No. 4,708,321). This registration is valid and subsisting and a declaration of incontestability under Section 15 of the Lanham Act has been filed and recorded with the USPTO according to 15 U.S.C. § 1065. A copy of the Section 15 filing is attached herein as **Exhibit B**.

30.    The Stay Wavy Trademark was originally owned by Captain's Club Apparel, Inc. ("Captain's Club"), wherein Captain's Club is a Massachusetts corporation having a principal place of business located at 47 E. Baylies Road, Charlton, MA 01507.

31.    Captain's Club filed for federal trademark registration of the Stay Wavy Trademark on or about August 25, 2014.

32.    The Stay Wavy Registration registered on March 24, 2015 for the following goods and services:

- IC 025 for "Clothing, namely, hats, shirts, skirts, socks, sweaters, sweatshirts, sweatpants, ties, underwear, visors, belts, jackets, bathing suits" (the "Stay Wavy Goods"); and

- IC 035 for "Retail store services featuring clothing" (the "Stay Wavy Services").

33.    As set forth in the Registration, the Stay Wavy Trademark has been used on or in association with the Stay Wavy Goods and the Stay Wavy Services since at least as early as October 16, 2012.

34.    Since at least as early as October 2012 and up until on or around April 2019, Captain's Club marketed and sold the Stay Wavy Goods in combination with the Stay Wavy Trademark at a retail store located a 35 Circuit Ave., Oakbluffs, MA (the "Stay Wavy Retail Store") and online at captainsclubapparel.com.

35.    On or around May 2019, Captain's Club assigned the Stay Wavy Registration to Stay Wavy (the "Assignment"), a copy of which is attached hereto as **Exhibit C**.

36.    The Assignment was recorded with the USPTO on May 13, 2019 at Reel/Frame 6643/0785 as evidenced by the Trademark Assignment Details from the USPTO website which is attached hereto as **Exhibit D**.

37.    Since on or around May 2019, Stay Wavy has been using the Stay Wavy Trademark on or in association with the Stay Wavy Goods, and in particular on shirts,

including t-shirts, and has been marketing and selling the Stay Wavy Goods at the Stay Wavy Retail Store and online at staywavy.com and at amazon.com.

38.     Stay Wavy and Captain's Club have invested, and Stay Wavy continues to invest, a substantial amount of time and money in advertising the Stay Wavy Goods, and in doing so have generated a significant amount of goodwill in the Stay Wavy Trademark.

39.     Upon information and belief, Richer Poorer is an apparel designer and manufacturer.

40.     Upon information and belief, at least at some point after the Stay Wavy Trademark had been registered with the USPTO, Richer Poorer designed, manufactured, and marketed, sold, and/or distributed socks that bear the Stay Wavy Trademark to Urban Outfitters.

41.     Upon information and belief, Urban Outfitters, which has both brick and mortar and online retail stores, purchased the Infringing Products from Richer Poorer with the intent of marketing, offering for sale, and selling the Infringing Products to individual consumers.

42.     On or around May 2019, Stay Wavy discovered that Urban Outfitters was marketing, offering for sale, selling, and distributing the Infringing Products. The Infringing Products were not manufactured, packaged, or approved for sale and/or distribution by Stay Wavy.

43.     Urban Outfitters has distributed, promoted, offered for sale, and/or sold the Infringing Products without license, authority, or other permission from Stay Wavy.

44.     In May 2019, Stay Wavy sent a cease and desist letter ("Stay Wavy C&D Letter"), a copy of which is attached hereto as **Exhibit E**, to Urban Outfitters regarding Urban Outfitters' Conduct, in which Stay Wavy demanded, among other things, that Urban Outfitters immediately cease and desist all sale or advertising of any product bearing the Stay Wavy marks and any mark confusingly similar to one or more of the

Stay Wavy Trademark, along with the destruction of all inventory of the Infringing Products (the "Urban Outfitters Inventory").

45. In a letter dated July 5, 2019, Attorney Douglas Hahn responded to the Stay Wavy C&D Letter and identified himself as the legal counsel for both Urban Outfitters and Richer Poorer.

46. On or about July 2019, Stay Wavy was under the impression that sales would cease, and that unauthorized use of the Stay Wavy marks would stop.

47. Upon information and belief, Defendants continued to willfully and intentionally market, offer for sale, and sell the Richer Poorer and Urban Outfitters Inventory despite having received written notice from Stay Wavy that Richer Poorer's Conduct infringed the Stay Wavy Trademark, and despite having constructive notice of the Stay Wavy Registration since at least as early as March 24, 2015.

48. Upon information and belief, Richer Poorer continued to market, offer for sale, and sold Infringing Products ("Richer Poorer Inventory") on Richer Poorer's own website.

49. Upon information and belief, Infringing Products continued to be marketed, offered for sale, and sold by Nordstrom and Alternative Apparel ("Nordstrom's Conduct" and "Alternative Apparel's Conduct," respectively), as well as other third-party retailers ("Third-Party Conduct") after the July 5, 2019 letter from Defendants' counsel, including, but not limited to, alternativeapparel.com, nordstrom.com, ironandresin.com, and obbconline.com.

50. As Richer Poorer had notice of the Stay Wavy Registration since at least as early as March 24, 2015, its supply of the Infringing Product to Urban Outfitters, Nordstrom, Alternative Apparel, and other third-party retailers after such date constitutes contributory trademark infringement as Richer Poorer knew or had reason to know that Urban Outfitters' Conduct, Nordstrom's Conduct, Alternative Apparel's Conduct and other Third-Party Conduct constituted Trademark Infringement.

51.     Despite having received written notice from Stay Wavy that Urban Outfitters' Conduct infringed the Stay Wavy Trademark, and despite having constructive notice of the Stay Wavy Registration at least as early as March 24, 2015, Urban Outfitters continued to willfully and intentionally infringe the Stay Wavy Trademark as evidenced by the fact that on or around October 20, 2019, a pair of socks, an image of which is attached hereto as **Exhibit F**, was still listed for sale on Urban Outfitters' website at urbanoutfitters.com.

52.     Despite having received written notice from Stay Wavy that Richer Poorer's Conduct infringed the Stay Wavy Trademark, and despite having constructive notice of the Stay Wavy Registration at least as early as March 24, 2015, Richer Poorer continued to willfully and intentionally infringe the Stay Wavy Trademark as evidenced by the fact that on or around April 7, 2020, a pair of socks, an image of which is attached hereto as **Exhibit G**, was still listed for sale on Nordstrom's website at shop.nordstrom.com, and was available for both shipping (see **Exhibit H** for order confirmation and delivery), as well as in-store pickup in California (see **Exhibit I** for order pickup confirmation).

53.     Each of Richer Poorer and Urban Outfitters marketed and sold the Infringing Products despite having actual and specific knowledge of Stay Wavy's rights in the Stay Wavy Trademark and of Stay Wavy's objection to Richer Poorer's and Urban Outfitters' sale of the Infringing Products.

54.     Each of Richer Poorer's Conduct and Urban Outfitters' Conduct is willful, intentional, and represents a conscious disregard for Stay Wavy's rights in the Stay Wavy Trademark, and each is a calculated decision to misappropriate the goodwill represented by the Stay Wavy Trademark.

55.     Further, the fact that Richer Poorer and Urban Outfitters continued their unlawful conduct by selling the Infringing Products within months of receiving Stay Wavy's cease and desist letter regarding the Infringing Products demonstrated Richer

Poorer's and Urban Outfitters' intent to continue selling the Infringing Products without regard for Stay Wavy's intellectual property rights.

56.     Each of Richer Poorer's Conduct, Urban Outfitters' Conduct, Nordstrom's Conduct, Alternative Apparel's Conduct, and Third-Party Conduct is likely to have caused consumers to mistakenly believe that the Infringing Products are either affiliated with, endorsed or authorized by, or somehow connected to Stay Wavy.

57.     The activities complained of herein have irreparably harmed Stay Wavy. Further, each of Richer Poorer's and Urban Outfitters' egregious conduct makes this an exceptional case.

## FIRST CLAIM FOR RELIEF
### Defendant Richer Poorer's Trademark Infringement
### Under Section 32 of the Lanham Act

58.     Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

59.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

60.     The Stay Wavy Trademark is federally registered and has achieved incontestable status. The Stay Wavy mark is arbitrary and is associated in the mind of the public exclusively with Stay Wavy.

61.     Richer Poorer has used the Stay Wavy Trademark on or in connection with the Infringing Products without Stay Wavy's consent or authorization. Richer Poorer's use, including the importation, sale, offer for sale, and/or distribution of the Infringing Products in commerce, is likely to have caused confusion and mistake in the mind of the public, leading the public to believe that Richer Poorer's products emanate or

originate from Stay Wavy, or that Stay Wavy has approved, sponsored, or otherwise associated itself with Richer Poorer or their Infringing Products.

62.    Through the unauthorized use of the Stay Wavy Trademark, Richer Poorer is unfairly benefiting from and misappropriating Stay Wavy's goodwill and reputation. This has resulted in substantial and irreparable injury to the public and to Stay Wavy.

63.    At all relevant times, Richer Poorer had actual and direct knowledge of Stay Wavy's prior use and ownership of the Stay Wavy Trademark. Richer Poorer's conduct is therefore willful and reflects Richer Poorer's intent to exploit the goodwill and strong brand recognition associated with the Stay Wavy Trademark.

64.    Richer Poorer's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

65.    Richer Poorer's acts have caused, and will continue to cause, irreparable injury to Stay Wavy. Stay Wavy has no adequate remedy at law and is thus damaged in an amount not yet determined.

### SECOND CLAIM FOR RELIEF
### Defendant Urban Outfitters' Trademark Infringement
### Under Section 32 of the Lanham Act

66.    Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

67.    Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

68.    The Stay Wavy Trademark is federally registered and has achieved incontestable status.   The Stay Wavy mark is arbitrary and is associated in the mind of the public exclusively with Stay Wavy.

69.     Urban Outfitters has used the Stay Wavy Trademark on or in connection with the Infringing Products without Stay Wavy's consent or authorization. Urban Outfitters' use, including the importation, sale, offer for sale, and/or distribution of the Infringing Products in commerce, is likely to have caused confusion and mistake in the mind of the public, leading the public to believe that Urban Outfitters' products emanate or originate from Stay Wavy, or that Stay Wavy has approved, sponsored, or otherwise associated itself with Urban Outfitters or their Infringing Products.

70.     Through the unauthorized use of the Stay Wavy Trademark, Urban Outfitters is unfairly benefiting from and misappropriating Stay Wavy's goodwill and reputation. This has resulted in substantial and irreparable injury to the public and to Stay Wavy.

71.     At all relevant times, Urban Outfitters had actual and direct knowledge of Stay Wavy's prior use and ownership of the Stay Wavy Trademark. Urban Outfitters' conduct is therefore willful and reflects Urban Outfitters' intent to exploit the goodwill and strong brand recognition associated with the Stay Wavy Trademark.

72.     Urban Outfitters' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

73.     Urban Outfitters' acts have caused irreparable injury to Stay Wavy. Stay Wavy has no adequate remedy at law and is thus damaged in an amount not yet determined.

## THIRD CLAIM FOR RELIEF
### Defendant Nordstrom's Trademark Infringement
### Under Section 32 of the Lanham Act

74.      Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

75.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with

the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

76.   The Stay Wavy Trademark is federally registered and has achieved incontestable status. The Stay Wavy mark is arbitrary and is associated in the mind of the public exclusively with Stay Wavy.

77.   Nordstrom has used the Stay Wavy Trademark on or in connection with the Infringing Products without Stay Wavy's consent or authorization. Nordstrom's use, including the importation, sale, offer for sale, and/or distribution of the Infringing Products in commerce, is likely to have caused confusion and mistake in the mind of the public, leading the public to believe that Nordstrom's products emanate or originate from Stay Wavy, or that Stay Wavy has approved, sponsored, or otherwise associated itself with Nordstrom or their Infringing Products.

78.   Through the unauthorized use of the Stay Wavy Trademark, Nordstrom is unfairly benefiting from and misappropriating Stay Wavy's goodwill and reputation. This has resulted in substantial and irreparable injury to the public and to Stay Wavy.

79.   At all relevant times, Nordstrom had at least constructive knowledge of Stay Wavy's prior use and ownership of the Stay Wavy Trademark. Nordstrom's conduct is therefore willful and reflects Nordstrom's intent to exploit the goodwill and strong brand recognition associated with the Stay Wavy Trademark.

80.   Nordstrom's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

81.   Nordstrom's acts have caused irreparable injury to Stay Wavy. Stay Wavy has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FOURTH CLAIM FOR RELIEF
### Defendant Alternative Apparel's Trademark Infringement
### Under Section 32 of the Lanham Act

82.   Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

83.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

84.     The Stay Wavy Trademark is federally registered and has achieved incontestable status. The Stay Wavy mark is arbitrary and is associated in the mind of the public exclusively with Stay Wavy.

85.     Alternative Apparel has used the Stay Wavy Trademark on or in connection with the Infringing Products without Stay Wavy's consent or authorization. Alternative Apparel's use, including the importation, sale, offer for sale, and/or distribution of the Infringing Products in commerce, is likely to have caused confusion and mistake in the mind of the public, leading the public to believe that Alternative Apparel's products emanate or originate from Stay Wavy, or that Stay Wavy has approved, sponsored, or otherwise associated itself with Alternative Apparel or their Infringing Products.

86.     Through the unauthorized use of the Stay Wavy Trademark, Alternative Apparel is unfairly benefiting from and misappropriating Stay Wavy's goodwill and reputation. This has resulted in substantial and irreparable injury to the public and to Stay Wavy.

87.     At all relevant times, Alternative Apparel had at least constructive knowledge of Stay Wavy's prior use and ownership of the Stay Wavy Trademark. Alternative Apparel's conduct is therefore willful and reflects Alternative Apparel's intent to exploit the goodwill and strong brand recognition associated with the Stay Wavy Trademark.

88.     Alternative Apparel's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

89.     Alternative Apparel's acts have caused irreparable injury to Stay Wavy. Stay Wavy has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FIFTH CLAIM FOR RELIEF

## Defendant Richer Poorer's False Designations of Origin and False Descriptions and Representations Under Section 43(a) of the Lanham Act

90.     Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

91.     Richer Poorer's actions as alleged herein, including but not limited to its unauthorized use in commerce of the Stay Wavy Trademark, constitutes use of a false designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Richer Poorer with Stay Wavy and as to the origin, sponsorship, association, or approval of Defendants' Infringing Products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

92.     At all relevant times, Richer Poorer had actual and direct knowledge of Stay Wavy's prior use and ownership of the Stay Wavy Trademark. Richer Poorer's conduct is, therefore, willful and reflects Richer Poorer's intent to exploit the goodwill and strong brand recognition associated with the Stay Wavy Trademark.

93.     Richer Poorer's wrongful acts will continue unless enjoined by this Court.

94.     Richer Poorer's acts have caused irreparable injury to Stay Wavy. Stay Wavy has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SIXTH CLAIM FOR RELIEF

## Urban Outfitters' False Designation of Origin and False Descriptions and Representations Under Section 43(a) of the Lanham Act

95.     Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

96.     Urban Outfitters' actions as alleged herein, including but not limited to its unauthorized use in commerce of the Stay Wavy Trademark, constitutes use of a false designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Urban Outfitters with Stay Wavy and as to the origin, sponsorship, association, or approval of Defendants' Infringing Products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

97.     At all relevant times, Urban Outfitters had actual and direct knowledge of Stay Wavy's prior use and ownership of the Stay Wavy Trademark. Urban Outfitters' conduct is, therefore, willful and reflects Urban Outfitters' intent to exploit the goodwill and strong brand recognition associated with the Stay Wavy Trademark.

98.     Urban Outfitters' wrongful acts will continue unless enjoined by this Court.

99.     Urban Outfitters' acts have caused irreparable injury to Stay Wavy. Stay Wavy has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SEVENTH CLAIM FOR RELIEF

### Nordstrom's False Designation of Origin and False Descriptions and Representations Under Section 43(a) of the Lanham Act

100.    Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

101.    Nordstrom's actions as alleged herein, including but not limited to its unauthorized use in commerce of the Stay Wavy Trademark, constitutes use of a false designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Nordstrom with Stay Wavy and as to the origin, sponsorship, association, or approval of Defendants' Infringing Products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

102.   At all relevant times, Nordstrom had knowledge of Stay Wavy's prior use and ownership of the Stay Wavy Trademark. Nordstrom's conduct is, therefore, willful and reflects Urban Outfitters' intent to exploit the goodwill and strong brand recognition associated with the Stay Wavy Trademark.

103.   Nordstrom's wrongful acts will continue unless enjoined by this Court.

104.   Nordstrom's acts have caused irreparable injury to Stay Wavy. Stay Wavy has no adequate remedy at law and is thus damaged in an amount not yet determined.

## EIGHTH CLAIM FOR RELIEF

### Alternative Apparel's False Designation of Origin and False Descriptions and Representations Under Section 43(a) of the Lanham Act

105.   Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

106.   Alternative Apparel's actions as alleged herein, including but not limited to its unauthorized use in commerce of the Stay Wavy Trademark, constitutes use of a false designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Alternative Apparel with Stay Wavy and as to the origin, sponsorship, association, or approval of Defendants' Infringing Products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

107.   At all relevant times, Alternative Apparel had knowledge of Stay Wavy's prior use and ownership of the Stay Wavy Trademark. Alternative Apparel's conduct is, therefore, willful and reflects Alternative Apparel's intent to exploit the goodwill and strong brand recognition associated with the Stay Wavy Trademark.

108.   Alternative Apparel's wrongful acts will continue unless enjoined by this Court.

109.   Alternative Apparel's acts have caused irreparable injury to Stay Wavy. Stay Wavy has no adequate remedy at law and is thus damaged in an amount not yet determined.

## NINTH CLAIM FOR RELIEF

### Defendant Richer Poorer's Trademark Infringement Under Common Law

110.    Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

111.    By the acts described above, Richer Poorer has engaged in trademark infringement in violation of the common law of the State of California.

112.    Richer Poorer's acts have caused irreparable injury to Stay Wavy. Stay Wavy has no adequate remedy at law and is thus damaged in an amount not yet determined.

## TENTH CLAIM FOR RELIEF

### Defendant Urban Outfitters' Trademark Infringement Under Common Law

113.    Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

114.    By the acts described above, Urban Outfitters has engaged in trademark infringement in violation of the common law of the State of California.

115.    Urban Outfitters' acts have caused irreparable injury to Stay Wavy. Stay Wavy has no adequate remedy at law and is thus damaged in an amount not yet determined.

## ELEVENTH CLAIM FOR RELIEF

### Defendant Nordstrom's Trademark Infringement Under Common Law

116.    Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

117.    By the acts described above, Nordstrom has engaged in trademark infringement in violation of the common law of the State of California.

118.    Nordstrom's acts have caused irreparable injury to Stay Wavy. Stay Wavy has no adequate remedy at law and is thus damaged in an amount not yet determined.

//

//

## TWELFTH CLAIM FOR RELIEF

### Defendant Alternative Apparel's Trademark Infringement Under Common Law

119.   Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

120.   By the acts described above, Alternative Apparel has engaged in trademark infringement in violation of the common law of the State of California.

121.   Alternative Apparel's acts have caused irreparable injury to Stay Wavy. Stay Wavy has no adequate remedy at law and is thus damaged in an amount not yet determined.

## THIRTEENTH CLAIM FOR RELIEF

### Defendant Richer Poorer's Contributory Trademark Infringement

122.   Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

123.   Urban Outfitters, Nordstrom, Alternative Apparel, and other third-party retailers engaged in illegal conduct including, but not necessarily limited to, the promotion, advertisement, offer for sale, sale and distribution of Infringing Products in violation of the Lanham Act.

124.   Richer Poorer had actual knowledge of Urban Outfitters' illegal conduct from, among other things, written notification by Stay Wavy's legal counsel.

125.   Richer Poorer deliberately disregarded these notifications.

126.   Richer Poorer materially encouraged, enabled, and contributed to Urban Outfitters', Nordstrom's, Alternative Apparel's, and other third-party retailers' infringing conduct by providing each with Infringing Products.

127.   Richer Poorer, therefore, bears contributory liability for the infringement of the Stay Wavy Trademark under 15 U.S.C. § 1051, et seq. and the common law.

128.   Stay Wavy has no adequate remedy at law and has suffered irreparable harm and damage as a result of Richer Poorer's contributory trademark infringement.

//

## FOURTEENTH CLAIM FOR RELIEF
### Defendant Richer Poorer's Violation of
### California Business & Professions Code § 17200

129.   Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

130.   Richer Poorer is a limited liability company operating and conducting business in the State of California.

131.   Richer Poorer's misappropriation and use of the Stay Wavy Trademark constitutes unlawful, unfair and fraudulent business practices within the meaning of California Business & Professions Code § 17200.

132.   As a result of Richer Poorer's violation of § 17200, Stay Wavy has no adequate remedy at law and has suffered irreparable harm and damage.

## FIFTEENTH CLAIM FOR RELIEF
### Defendant Urban Outfitters' Violation of
### California Business & Professions Code § 17200

133.   Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

134.   Urban Outfitters is a corporation licensed to do business, and operating in, the State of California.

135.   Urban Outfitters' misappropriation and use of the Stay Wavy Trademark constitutes unlawful, unfair and fraudulent business practices within the meaning of California Business & Professions Code § 17200.

136.   As a result of Urban Outfitters' violation of § 17200, Stay Wavy has no adequate remedy at law and has suffered irreparable harm and damage.

//

//

//

//

### SIXTEENTH CLAIM FOR RELIEF

### Defendant Nordstrom's Violation of

### California Business & Professions Code § 17200

137. Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

138. Nordstrom is a corporation licensed to do business, and operating in, the State of California.

139. Nordstrom's misappropriation and use of the Stay Wavy Trademark constitutes unlawful, unfair and fraudulent business practices within the meaning of California Business & Professions Code § 17200.

140. As a result of Nordstrom's violation of § 17200, Stay Wavy has no adequate remedy at law and has suffered irreparable harm and damage.

### SEVENTEENTH CLAIM FOR RELIEF

### Defendant Alternative Apparel's Violation of

### California Business & Professions Code § 17200

141. Stay Wavy hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 57 above.

142. Alternative Apparel is a corporation licensed to do business, and operating in, the State of California.

143. Alternative Apparel's misappropriation and use of the Stay Wavy Trademark constitutes unlawful, unfair and fraudulent business practices within the meaning of California Business & Professions Code § 17200.

144. As a result of Alternative Apparel's violation of § 17200, Stay Wavy has no adequate remedy at law and has suffered irreparable harm and damage.

//
//
//
//

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Stay Wavy prays this Court for the following relief:

1.      Preliminarily and permanently enjoin Defendants from using the Stay Wavy Trademark or any colorable imitation thereof;

2.      Preliminarily and permanently enjoin Defendants from using any trademark that imitates or is confusingly similar to the Stay Wavy Trademark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's Goods or their connectedness to Defendants;

3.      That the Defendants be required to file with the Court and serve on Plaintiff within thirty (30) days after the entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction;

4.      That all of the Urban Outfitters Inventory, Third-Party Inventory and Richer Poorer Inventory (collectively, "Infringing Inventory") be placed within Plaintiff's possession at the sole cost of Defendants;

5.      That, pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

6.      That, pursuant to 15 U.S.C. § 1117, Defendants be compelled to account to Plaintiff for any and all profits derived by it from its illegal acts complained of herein;

7.      That pursuant to 15 U.S.C. § 1117(a), Stay Wavy be awarded three times the greater of:

      A. Stay Wavy's damages, in an amount to be determined at trial; and

      B. Each of Defendants' profits, in accounting demanded in the preceding paragraph;

8.      That Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for inspection all items and/or materials in the possession, custody or control of Defendants and which bear the Stay Wavy Trademark;

//

9.     That Stay Wavy have and recover its costs, including its reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. § 1117(a);

10.    That pursuant to California Civil Code § 3294, Plaintiff be awarded exemplary damages, attorneys' fees, and costs;

11.    That Plaintiff be awarded punitive damages pursuant to the law of the State of California in view of Defendants' intentional and willful infringement of the Stay Wavy Trademark;

12.    That this Court grant Plaintiff any other remedy to which it may be entitled as provided for under state or federal law; and

13.    For such other relief as the Court deems just and proper.

Date: April 23, 2020          **NOLI IP SOLUTIONS P.C.**

By: */S/Mariana Paula Noli*
    Mariana Paula Noli, Esq.
    CA State Bar 247369
    Attorney for Plaintiffs

COMPLAINT